UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| JEFFREY MICHAEL FOSSI<br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>Defendant. | Case No.:<br>Hon. |
|---|---|

## COMPLAINT

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in Burton, Genesee County, Michigan ("here"), Plaintiff resides here, Plaintiff was sent letters and received phone calls to collect a debt here, and Defendant transacts business here.

4. Plaintiff Jeffrey Michael Fossi, is a natural person, who at all relevant times resided in Burton, Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. is a person that uses the mail, internet and telephones, all instruments of interstate commerce, to collect debts and whose principal purpose is to buy charged off debts and collect

1

upon such debts and is thus a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On information and belief, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt to for a Capital One Bank credit card that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. The debt went into default an eventually was assigned or sold to Midland Credit Management, Inc. ("Midland") account ***1092 ("the account").

8. On June 27, 2019 Plaintiff filed a Voluntary Bankruptcy Petition in the Eastern District of Michigan Bankruptcy Court, Southern Division 19-31552-jda.

9. When Plaintiff filed his petition he listed a debt related to the account.

10. In a letter dated July 17, 2019 ("first letter"), not received until August 2, 2019, defendant represented that it had bought the debt from Capital One and was owner and servicer of the debt.

11. The first letter indicated that the current balance owing was $4,735.35.

12. Defendant violated the automatic stay by sending the letter.

13. The animating purpose behind the first letter was to collect a debt.

14. On August 5, 2019, defendant called plaintiff to collect an alleged debt relating to the account.

15. Plaintiff informed defendant that he had filed for bankruptcy providing them the case number and attorney contact information.

16. The animating purpose behind the call was to collect a debt.

17. On September 24, 2019, the Honorable Joel D. Applebaum signed an Order of Discharge, discharging all debts, including the account.

18. On November 11, 2019, defendant sent another letter ("second letter") indicating that defendant had communicated with plaintiff but alleging, "contact information was not provided."

19. The letter was a false representation as plaintiff had provided defendant contact information.

20. Defendant has access to PACER the online system used by the Federal Courts were all pleadings are filed and where creditors and other interested parties have access.

21. On information and belief, Defendant knew or should have known that plaintiff had filed for Chapter 7 bankruptcy, knew who his attorney was based upon access to PACER that includes such information.

22. The second letter was also false because it asserted the "current balance" was $4,735.35 when the debt had been discharged by operation of law.

23. The animating purpose behind the second letter was to collect a debt.

24. The second letter indicated the current balance of $4,735.35.

25. The first letter, second letter and phone call made to plaintiff conveyed information regarding a debt to plaintiff.

26. Plaintiff has a reasonable expectation that defendant follow the law, comply with the automatic stay, and comply with the discharge injunction.

27. Plaintiff suffered injury because of the risk of payment that was not required by law as plaintiff had filed for bankruptcy protection.

28. Congress passed the FDCPA to protect against abuses by debt collectors including attempting to collect a debt not owed by a person, attempting to collect a debt while making a false or deceptive representation, and calling a represented party.

29. The communications made by defendant caused a material risk of harm of paying a debt that he would not have had to have paid but for defendant's attempts to collect a debt.

30. The violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA

31. Defendant's misstatement of the rights afforded by the FDCPA and deceptive false communications would cause the least-sophisticated consumer[[8]] to understand, incorrectly, that defendant had the right to

contact plaintiff after having filed bankruptcy and after having received a discharge, that defendant had the right to attempt to collect a debt after plaintiff filed bankruptcy and after that debt had been discharged, and that defendant had the right to continue to contact defendant after having been informed of the bankruptcy case number and contact information of plaintiff's attorney.

32. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate his rights under the FDCPA.

33. Plaintiffs were placed at a materially greater risk of falling victim to "abusive debt collection practices." 15 U.S.C. § 1692(e); *see also Anarion Invs. LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568, 572 n.2 (6th Cir. 2015) (noting that debt-collector abuse takes many forms, "including . . . misrepresentation of a consumer's legal rights").

34. The FDCPA declares, its purpose is to eliminate such abusive practices. 15 U.S.C. § 1692(e).

35. To that end, the FDCPA grants a private right of action to a consumer who receives a defective communication. Id. § 1692k.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

36. Plaintiff incorporates by reference all paragraphs of this Complaint.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. Defendant violated 15 U.S.C. § 1692 e (11) when it's agent falsely represented directly or indirectly to plaintiffs that 1) he owed money to defendant, 2) it was entitled to contact plaintiff to attempt to collect a debt after the automatic stay was in effect, 3) it was entitled to contact plaintiff to attempt to collect a debt after the Order of Discharge was entered, 4) he owed money after receiving an Order of Discharge and 5) it had the right to continue to collect a debt after having been informed of attorney representation.

39. Defendant violated 15 U.S.C. § 1692c(a)(2) when it continued to attempt to collect a debt, without court permission or consent of plaintiff, after plaintiff had notified defendant he had an attorney, provided contact information and provided a bankruptcy case number or indicated plaintiff had filed for bankruptcy thereby providing defendant information that would enable it to discover all contact information of the attorney.

40. In addition to the statements above Plaintiff was also damaged as a result of Defendant's acts because the representations by defendant were 1) false in that plaintiff didn't owe the debt, 2) plaintiff was entitled to privacy during the automatic stay, and 3) caused plaintiff to suffer indignation.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 14, 2020

*/s/ Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
michiganbk@gmail.com
P64391
Attorney for Plaintiff